# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:21CR00021 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **THOMAS RAY HOUSTON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has sought review by this court pursuant to 18 U.S.C. § 3145(b) of a detention order by the magistrate judge. For the reasons set forth hereafter, the motion for reconsideration of detention will be denied.

The defendant is charged with violating certain conditions of his supervised release. A supervised release revocation hearing is scheduled for January 5, 2023. The defendant was arrested on September 1, 2022, on a warrant charging these violations. On that same day, the magistrate judge held a preliminary hearing and found probable cause to detain the defendant pending a supervised release hearing. Order, ECF No. 14.

This court on review of a detention order must make a de novo determination. *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). An evidentiary hearing is not required, and the court may consider evidence presented before the magistrate judge. *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985). In this case I have considered the evidence before the magistrate judge at the hearing held on September 1, 2022, along with the other relevant matters of record, including a memorandum in support of the release of the defendant filed by counsel on October 25, 2022, and the opposition of the government filed on November 2, 2022.

In order to be released pending the revocation hearing, the defendant has the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6).

The record shows that the defendant was arrested by state authorities in West Virginia on August 25, 2022, and charged with being a prohibited person with a firearm and possession of controlled substance. The alleged controlled substance was contained in a baggie and appeared to be methamphetamine, although the laboratory testing of the substance has yet to be concluded. Although he was released on bond in state court, he did not advise his federal probation officer about his arrest. While he knew that there was the outstanding warrant from this court for his arrest, the magistrate judge found that he had told his ex-wife that while he intended to turn himself in, he wanted to "get cleaned up and settle his affairs"

before he did so.  Order ¶ 8, ECF No.14.  The magistrate judge also found that he had taken active steps to evade his arrest on the warrant by staying at different locations, sleeping outside of his approved residence, and on one occasion fleeing into the woods before the U.S. Marshals arrived.

On the defendant's behalf, it is contended that he will return to his approved residence with his father if released.  It is pointed out that two days after his release on bond in West Virginia he turned himself in at the Federal Courthouse in Abingdon in the company of his father.  It is asserted that he will agree to electronic monitoring and other conditions of release, including a curfew and undergoing substance abuse treatment.  It is also argued that available data shows that most federal defendants released on bond do in fact appear as ordered and do not commit new crimes while on bond.

I find that the magistrate judge's ruling was correct, and that the defendant has not met his burden of proof.  His recent past history supports a finding that he has not established by clear and convincing evidence that he will not flee or pose a danger.  While various conditions of release, including electronic monitoring, are possible, they are easily overcome by a determined offender with such a history.  Data on other defendants is interesting but does not establish the result in a particular case.  Accordingly, the Motion for Reconsideration of Bond Revocation and Detention Order, ECF No. 26, is DENIED.

-4-

It is so **ORDERED**.

                                        ENTER:   November 4, 2022

                                        /s/  JAMES P. JONES
                                        Senior United States District Judge